# EXHIBIT 1

## to Notice of Removal



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| JONATHAN HART | ) Case No.: **2020CV342779** |
| **Plaintiff,** | ) |
| vs. | ) |
| EXCEL INC. D/B/A DHL SUPPLY CHAIN | ) |
| **Defendant** | ) |

TO THE ABOVE NAMED DEFENDANT(S): Exel Inc. d/b/a DHL Supply Chain
c/o CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Ian E. Smith / BARRETT & FARAHANY
1100 Peachtree St. SE, Suite 500
Atlanta, GA 30309    (404) 214-0120

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This __11/20/2020__ day of _____, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
\*\*\*EFILED\*\*\*LW
Date: 11/20/2020 7:41 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JONATHAN HART, | ) |
| | ) Civil Action No. **2020CV342779** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| EXEL INC. d/b/a DHL SUPPLY CHAIN, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jonathan Hart ("Plaintiff"), by and through undersigned counsel, and files his Complaint for Damages against Defendant Exel Inc. d/b/a DHL Supply Chain ("Defendant" or "DHL"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

1

## JURISDICTION AND VENUE

2.

Defendant conducts business in Fulton County. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Fulton County.

## PARTIES

3.

Plaintiff resides in this State and is subject to the jurisdiction of this Court.

4.

Defendant Exel Inc. d/b/a DHL Supply Chain operates locally at 6000 Studio Way, Union City, GA 30291. Its principal place of business is 360 Westar Boulevard, Westerville, OH 43082.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent CT Corporation System, 289 S. Culver St., **Lawrenceville, GA 30046-4805.**

## FACTUAL ALLEGATIONS

6.

Plaintiff began his employment with DHL, on September 21, 2015 as a forklift driver.

7.

Plaintiff is African American.

8.

On or about September 21, 2018, supervisor Jared Osteen, Caucasian, allegedly witnessed Plaintiff damage a product in a way that he felt could have been avoided.

9.

While verbally counseling Plaintiff, Osteen called Plaintiff the "n" word.

10.

Plaintiff complained to his supervisor, Carter Pair that Osteen had made a racial epithet directed at Plaintiff.

11.

On September 27, 2018, Defendant issued Plaintiff a Corrective Action Notice for performance and for using the incorrect function, a "Put Away" error for his improper handling of the product.

12.

On October 1, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission for race and retaliation.

13.

A co-worker overheard Osteen call Plaintiff the "n" word. In addition, African American employees are called "boy" and told to stop "monkeying" around.

14.

Minority employees were treated differently and in a disrespectful manner. Caucasians were treated more favorably than minorities.

15.

On or about March 5, 2019, Plaintiff suffered an ankle injury at work and filed a workers' compensation claim. Plaintiff was scheduled to go to the doctor for the work injury.

15.

Plaintiff was terminated on March 7, 2019, for violating attendance policy 530.1. Per the Separation Notice, this policy outlines authorized and non-authorized absences and the associates' responsibilities when he or she is absent from work.

16.

Defendant's Position Statement submitted to the U.S. Equal Employment Opportunity Commission ("EEOC"), states that Plaintiff was terminated for repeated violations of the attendance policy in March 2019. Defendant provided Exel Policies and Procedures, DHL Workplace Harassment Policies and Procedures but failed to provide the EEOC evidence of Plaintiff's attendance records to confirm the repeated violations committed by Plaintiff.

17.

Plaintiff was terminated for his complaints of racial discrimination and his filing a charge with the EEOC.

18.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation for Plaintiff engaging in protected activity.

19.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost wages, emotional distress, and other damages.

## CLAIMS FOR RELIEF
## COUNT I
## DISCRIMINATION IN VIOLATION OF §1981

20.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

21.

Plaintiff is a member of a protected class, i.e. he is African American and black in color.

22.

Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Section 1981.

23.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

24.

There was a causal connection between the protected conduct and the adverse action of termination.

25.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

25.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

27.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Plaintiff is African American.

30.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

31.

Plaintiff performed his contractual obligations.

32.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

33.

Plaintiff is a member of a protected class.

34.

Plaintiff's complaint and opposition to discriminatory conduct constitute protected activity under 42 U.S.C. § 1981.

35.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

36.

There was a causal connection between the protected conduct and the adverse action of termination.

37.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

38.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

39.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III

## TITLE VII RACE DISCRIMINATION AND RETALIATION

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Plaintiff is a member of a protected class, i.e. he is African American.

42.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

43.

Defendant violated Plaintiff's rights under Title VII by disciplining him for complaining about race discrimination and, later, terminating his employment because of his race.

44.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's race, in violation of Title VII.

45.

Defendant intentionally retaliated against Plaintiff by disciplining him and, later, terminating him following his complaint about his supervisor's use of the n-word and discrimination based on race at Defendant's workplace.

46.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

47.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

48.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

49.

Defendant is liable for the damages caused by its discrimination and retaliation against Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a) Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)   Damages for lost wages and benefits and prejudgment interest thereon;

(d)   Reasonable attorneys' fees and expenses of litigation;

(e)   Trial by jury as to all issues;

(f)   Prejudgment interest at the rate allowed by law;

(g)   Declaratory relief to the effect that Defendant have violated Plaintiff's statutory rights;

(h)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)   All other relief to which he may be entitled.

Respectfully submitted, this 10th day of November, 2020.

**BARRETT & FARAHANY**

*/s/ Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
iesmith@justiceatwork.com

## General Civil and Domestic Relations Case Filing Information Form

☒ Superior or ☐ State Court of __FULTON__ County

**For Clerk Use Only**

Date Filed __11/20/2020__
MM-DD-YYYY

Case Number __2020CV342779__

| **Plaintiff(s)** | | | | | | **Defendant(s)** | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HART | JONATHAN | | | | | EXEL INC. | D/B/A | DHL | | SUPPLY | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| | | | | | | CHAIN | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |

**Plaintiff's Attorney** __IAN E. SMITH__    **State Bar Number** __661492__    Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number                Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

Fulton County Superior Court
***EFILED***TB
Date: 2/3/2021 3:09 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| JONATHAN HART,<br><br>　　Plaintiff,<br><br>v.<br><br>EXEL INC. d/b/a DHL SUPPLY CHAIN,<br><br>　　Defendant. | CIVIL ACTION FILE<br>NO. 2020CV342779<br><br>**Judge Emily K. Richardson** |

## ORDER TO PERFECT SERVICE

On November 20, 2020, Plaintiff commenced the above-captioned matter. Examination of the record reveals that Plaintiff has failed to perfect service of process upon Defendant.

It is **HEREBY ORDERED**: unless Plaintiff causes process to be served on Defendant pursuant to O.C.G.A. § 9-11-4 by February 25, 2021, and the return of service or waiver of service filed forthwith, the Complaint will be dismissed without prejudice.

**SO ORDERED** this 3rd day of February, 2021.

　　　　　　　　　　　　　　　　　　　/s/ Emily K. Richardson
　　　　　　　　　　　　　　　　　　　HON. EMILY K. RICHARDSON
　　　　　　　　　　　　　　　　　　　Superior Court of Fulton County
　　　　　　　　　　　　　　　　　　　Atlanta Judicial Circuit

**Filed and served via eFileGA.**

Copy from re:SearchGA



# Service of Process Transmittal
01/15/2021
CT Log Number 538896104

**TO:** Leslie DeMarco, Paralegal
Exel Inc.
360 WESTAR BOULEVARD
WESTERVILLE, OH 43082

**RE:** **Process Served in Georgia**

**FOR:** Exel Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JONATHAN HART, PLTF. vs. EXCEL INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CV342779 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/15/2021 at 15:01 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/15/2021, Expected Purge Date: 01/20/2021 |
| | Image SOP |
| | Email Notification,  Leslie DeMarco  Leslie.DeMarco@dhl.com |
| | Email Notification,  Rob Whipple  rob.whipple@dhl.com |
| | Email Notification,  Andrew Etter  andrew.etter@dhl.com |
| | Email Notification,  Mark Smolik  mark.smolik@dhl.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.